## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-07971 PA (SKx) | Date | December 24, 2025 |
|---|---|---|---|
| Title | Alvaro Narcisco Rojas v. Kristi Noem, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Daniel Torrez | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|

**Proceedings:**   IN CHAMBERS ORDER: ORDER TO SHOW CAUSE

The Court has reviewed the Proofs of Service and Declaration of Berc Agopoglu (Docket Nos. 17 and 19) filed in response to the Court's December 9, 2025 Order to Show Cause (Docket No 16).[1/] Based on that review, it appears that plaintiff Alvaro Narciso Rojas ("Plaintiff") who is represented by counsel, has not properly served defendants Kristi Noem, Secretary of the Department of Homeland Security ("DHS"), Pam Bondi, Attorney General of the United States, Andrew J. Davidson, Director of the United States Citizenship and Immigration Services ("USCIS"), and Todd Lyons, Acting Director, Immigration and Customs Enforcement ("ICE") ("Defendants") in accordance with Federal Rule of Civil Procedure 4(i)(2) or within the deadline established by Federal Rule of Civil Procedure 4(m).

Specifically, although Plaintiff has now filed Proofs of Service indicating service on each of the Defendants by certified mail, Plaintiff has not filed a Proof of Service establishing service by certified mail for each individual defendant on the United States Attorney for the Central District of California or the Attorney General.[2/] See Fed. R. Civ. P. 4(i)(1)(B) (requiring that to serve the United States, a plaintiff send, by registered or

---

[1/]   The Court's December 15, 2025 Order to Show Cause regarding the defendants' failure to respond the Complaint appears to have been issued prematurely given the Court's conclusion that Plaintiff has failed to demonstrate that he has effectuated proper service.

[2/]   Plaintiff's counsel's declaration states only that "copies of the service documents were mailed to the Civil Process Clerk at the United States Attorney's Office for the Central District of California," and attaches a copy of a United States Postal Service tracking page as evidence. (Docket No. 17-1 at p. 3.) That tracking page, however, does not identify or itemize the "service documents" that were sent by mail, and the Court has no way of knowing whether that part of Plaintiff's service on each defendant is complete.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 25-07971 PA (SKx) | Date | December 24, 2025 |
|---|---|---|---|
| Title | Alvaro Narcisco Rojas v. Kristi Noem, et al. | | |

certified mail, a copy of the summons and complaint to the civil process clerk of the United States Attorney's office and also to the Attorney General); see also Fed. R. Civ. P. 4(i)(2) (requiring service on the United States in addition to service on the agency for an individual defendant sued in an official capacity). Nor does counsel's declaration explain why this service could not have been accomplished within the 90 days allowed by Rule 4(m) or Plaintiff's failure to seek an extension of time prior to the expiration of Rule 4(m)'s deadline. See Fed. R. Civ. P. 6(b)(1)(B) (requiring a showing of excusable neglect for the extension of a deadline after the time to act has expired).

The Court therefore concludes that Plaintiff has not adequately responded to the Court's December 9, 2025 Order to Show Cause. The Court extends the deadline for Plaintiff to file an adequate response to the Order to Show Cause to January 16, 2026. Failure to timely or adequately respond to the Order to Show Cause by January 16, 2026 may result in the dismissal of this action without further warning. The Court will consider the filing of Proofs of Service that comply in all respects with Rule 4(i)'s requirements for service of an agency or employee sued in an official capacity and of the United States a sufficient response to the Order to Show Cause.

The Court also vacates its December 15, 2025 Order to Show Cause regarding Defendants' failure to respond to the Complaint (Docket No. 18), so that Plaintiff may first serve all defendants in accordance with the Federal Rules of Civil Procedure.

IT IS SO ORDERED.